UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

   Plaintiff,

v.

Michael Anthony Vargas,

   Defendant.

No. 14-cr-73 (1) (JNE/HB)
ORDER

---

  Defendant Michael Anthony Vargas was charged in an indictment with being a felon in possession of a firearm and an armed career criminal, an offense that carries a mandatory minimum sentence of 15 years imprisonment.  Vargas pled not guilty to that charge.  Pursuant to a plea agreement, the Government subsequently charged Vargas by way of a Felony Information with a single count of possession of a stolen firearm, which carries a 10 year maximum term of imprisonment.  Vargas waived indictment and pled guilty to that charge, and the Court accepted his plea, at a hearing on June 3, 2014.  He is currently awaiting sentencing.

  Since that hearing, Vargas has moved to withdraw his guilty plea.  In these circumstances, where the court has accepted a guilty plea but not yet imposed sentence, "a defendant has no absolute right to withdraw" the plea.  *U.S. v. Smith*, 422 F.3d 715, 724 (8th Cir. 2005) (quotation and citation omitted).  Instead, the defendant may withdraw the plea only if he can show a "fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2).  *See also U.S. v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996) (burden to establish fair and just reason is on defendant).  Even if he can, "a district court must also consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to

1

withdraw it, and whether the government will be prejudiced if the court grants the motion.'" *Id.* (quoting *U.S. v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993)).

Vargas has not satisfied his burden here. To justify withdrawing his guilty plea, Vargas offers only his conclusory statement that he "feels that he did not have enough time to consider the parameters of the plea and plea agreement, further that he received ineffective assistance of counsel and consequently [that he desires to] proceed to trial."

As for Vargas' assertion that he "did not have enough time to consider the parameters of the plea and plea agreement," the transcript of the hearing at which Vargas entered his plea demonstrates otherwise. The Court thoroughly reviewed the parameters of the plea and the plea agreement with Vargas, including a detailed exploration of the consequences of pleading guilty to the offense charged in the Felony Information. It was also emphasized to Vargas that, if he chose not to plead guilty to the Felony Information, the Government would withdraw its offer and the case would proceed on the count charged in the Indictment.

Vargas did struggle with the decision of whether or not to plead guilty to the Felony Information before ultimately doing so at the end of the Rule 11 hearing, but it was not due to any lack of time to consider the choice. In fact, Vargas confirmed several times that he had had sufficient opportunity to discuss the plea and plea agreement with his attorney prior to the hearing. Transcript of Plea Hearing at 3, ECF No. 48 ("THE COURT: And there's a written plea agreement. And that's something that you've gone through with your lawyer and that adequately sums up what the agreement is that you have with the government? THE DEFENDANT: Yes, Your Honor."); *id.* at 11 ("THE COURT: . . . [D]id you have a chance to talk with [your attorney] about [the plea agreement]? THE DEFENDANT: Yes, Your Honor. THE COURT: Did she come out and see you at Sherburne? THE DEFENDANT: Yes, Your Honor."); *id.* at 13

("Q: And so when it comes to reading through the plea agreement, your lawyer didn't just drop that on you and say, 'read it.' She went through it with you, right?  A. Yes, Your Honor.").

The Court also paused the hearing at several points to allow Vargas to consult further with his attorney and with the mother of his children, who was in attendance.  After those consultations, Vargas explained to the Court that

> I have spoke [sic] this over with my attorney several times and a long time as well as with my loved one.  It makes it so difficult because I have a newborn [son] . . . and it makes it very difficult when you have a family that's very supportive, and it's like they're doing the time with you. . . .
>
> So, and after I've discussed this with [the mother of my children], and she says no numerous times, but I would rather be home before [my son] reaches his double digits, and I seen [sic] this as a good deal.  . . . I am capable and competent right now in entering a guilty plea.  It's just I let my emotions cloud my judgment sometimes. . . .
>
> So, but I do understand, and I still do wish to enter a guilty plea. . . .

*Id.* at 29-30.  After Vargas admitted the factual basis of the charge, the Court accepted his guilty plea, telling him that

> I'm satisfied that you're actually guilty, and you know what you're doing here today.  You are very well able to make this decision.  You've weighed the pros and cons.  Some of the weighing has been right here for all to see, but I believe that you're an intelligent person.  You know what you're doing, and so I accept your plea of guilty.

*Id.* at 34.  Vargas offers nothing on this motion that would overcome or undermine his own representations that he had had enough time to consider his decision to plead guilty, such that withdrawal of the plea would be fair and just.  *See U.S. v. Murphy,* 572 F.3d 563, 568 (8th Cir. 2009) ("[T]he plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same.") (quoting *U.S. v. Thompson,* 906 F.2d 1292, 1298 (8th Cir.1990)).

3

Vargas' second basis for withdrawing his plea – "that he received ineffective assistance of counsel" – is likewise unavailing.  It is true that "[d]efense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal" of a guilty plea, but only where the defendant proves "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. McMullen,* 86 F.3d 135, 137 (8th Cir. 1996) (internal quotation and citation omitted).  Vargas has not identified any errors that his counsel may have made, much less borne his burden of establishing that he would not have pled guilty but for those errors.

Vargas' motion is therefore denied.

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. Defendant's Motion to Withdraw Guilty Plea [ECF No. 44] is DENIED.

Dated: September 25, 2014               s/Joan N. Ericksen
                                        JOAN N. ERICKSEN
                                        United States District Judge