# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

                                                Criminal No. 14-0073 (JNE/HB) (1)

v.                                           Civil No. 16-2129 (JNE)

                                                ORDER

MICHAEL ANTHONY VARGAS,

      Defendant.

      On May 1, 2015, this Court sentenced Defendant Michael Anthony Vargas on Count 1 of the Information in this criminal case. On June 24, 2016, Vargas filed a *Pro Se* Motion to Vacate Under 28 U.S.C. § 2255 [Dkt No. 70]. The Government responded, asserting that Vargas' motion was incorrectly styled as a § 2255 motion and recommending that the motion be construed as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), without prejudice to Vargas' ability to bring a § 2255 motion in the future. On July 21, 2016, after the Government filed its response, Vargas filed a *Pro Se* Motion to Voluntarily Dismiss § 2255 Motion [Dkt. No. 73]. In his latter motion, Vargas represents that the form of his first motion was inadvertently incorrect and moves the Court to "dismiss" the first motion without prejudice or to allow him to file an amended § 2255 motion.

      It appears that Vargas seeks to apply Federal Rule of Civil Procedure 41(a), which allows a plaintiff to voluntarily dismiss a civil action without prejudice under specified circumstances, or allows the Court to dismiss the civil action without prejudice on terms it considers proper. The Court may apply the Federal Rules of Civil Procedure to a § 2255 procedure to the extent they are not inconsistent with any statutory provisions or the rules governing § 2255 proceedings. R. Gov'g § 2255 Proceedings ("§ 2255 R."), R. 12. However, Rule 41(a) does not

quite fit the proceeding at hand, because Vargas filed a motion in his criminal case; he did not initiate an entirely separate civil action. *See id.* Advisory Comm. Note to § 2255 R. 1. In any event, because the Government responded, to the extent that Rule 41 is analogous, subsection (a)(1)(A) of that rule would be inapplicable, and a court order would be required.

The Court will construe Vargas' second motion as a request to deny his first motion without prejudice. Given the agreement that the first motion was incorrectly filed under § 2255 and the Government's concession that it should not prejudice Vargas' ability to bring a future § 2255 motion, the Court considers it proper to deny the first motion without prejudice. Should Vargas file a new motion pursuant to 18 U.S.C. § 3582(c)(2), however, he should provide a clear explanation of the asserted basis for it. In his *Pro Se* Motion to Vacate Under 28 U.S.C. § 2255, Vargas states that he seeks a reduced sentence "based upon the retroactive amendment to the United States Sentencing Guidelines," but he fails to even specify which amendment he claims applies. If Vargas files a § 3582(c)(2) motion that similarly fails to clearly articulate the basis for it, the Court may deny that motion summarily.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Michael Anthony Vargas' *Pro Se* Motion to Voluntarily Dismiss § 2255 Motion [Dkt. No. 73] is GRANTED.

2. Defendant Michael Anthony Vargas' *Pro Se* Motion to Vacate Under 28 U.S.C. § 2255 [Dkt No. 70] is DENIED WITHOUT PREJUDICE.

3. No certificate of appealability will issue. 28 U.S.C. § 2253(c); § 2255 R. 11(a).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 26, 2016

                                              s/ Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge