UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

                                                        Criminal No. 14-0073 (JNE/HB) (1)
v.                                            Civil No. 16-3967 (JNE)
                                           ORDER

MICHAEL ANTHONY VARGAS,

       Defendant.

The Court sentenced Defendant Michael Anthony Vargas on Count 1 of the Information in this criminal case on May 1, 2015. Vargas filed a *Pro Se* Motion to Vacate Under 28 U.S.C. § 2255 on November 21, 2016 [Dkt No. 76].[1] The Government opposed the motion. Dkt. No. 80. Vargas did not file a reply, although he had permission to. *See* Dkt. No. 79.

Vargas had originally been indicted on a single count for Felon in Possession of a Firearm – Armed Career Criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Dkt. No. 11. The Indictment listed seven convictions as predicate offenses for purposes of § 924(e)(1), the Armed Career Criminal Act ("ACCA"), which imposes a 15-year mandatory minimum sentence and a maximum sentence of life on qualifying persons found guilty of violating § 922(g). *See Welch v. United States*, 136 S. Ct. 1257, 1261 (2016) (sentencing range). Those listed offenses were:

| Crime | Place of Conviction | Date Committed | Date Sentenced |
|---|---|---|---|
| Assault Second Degree – Dangerous Weapon | Ramsey County, MN | 9/6/2003 | 5/19/2004 |

---

[1] Vargas previously filed a motion styled as a § 2255 motion but which the Court and the Government recognized was properly construed as a motion brought pursuant to 18 U.S.C. § 3582(c)(2); the Court denied it without prejudice. *See* Dkt. Nos. 70, 72, 74. The motion under consideration is thus Vargas's first § 2255 motion. In addition, Vargas previously filed a motion to withdraw his guilty plea, partially on the basis of ineffective assistance of counsel but without identifying any errors by counsel. Dkt. No. 44. The Court denied that motion. Dkt. No. 49.

| Bringing Contraband Into Correctional Institution | Chisago County, MN | 7/16/2005 | 1/30/2007 |
| Domestic Assault By Strangulation | Ramsey County, MN | 7/27/2006 | 8/1/2007 |
| Domestic Assault | Ramsey County, MN | 3/14/2007 | 6/22/2007 |
| Drugs – Third Degree Sale | Ramsey County, MN | 4/16/2009 | 11/17/2009 |
| Drugs – Sale of Simulated Controlled Substance | Ramsey County, MN | 6/17/2009 | 11/17/2009 |
| Violate Order of Protection | Ramsey County, MN | 5/14/2012 | 8/30/2012 |

Dkt. No. 11.

As part of negotiations between the parties, the Government filed a Felony Information that charged Vargas with one count of Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j). Dkt. No. 35. Vargas entered into a plea agreement with the Government in which he agreed to plead guilty to Count 1 of the Information in exchange for the dismissal of Count 1 of the Indictment. *See* Dkt. Nos. 38 (plea agreement), 63 (sentencing judgment reflecting guilty plea to Count 1 of the Information and dismissal of Count 1 of the Indictment). In the plea agreement, Vargas agreed that "he has the following prior felony convictions," followed by a list of offenses identical to the chart above. Dkt. No. 38 ¶ 2. Vargas pleaded guilty to Count 1 of the Information on June 3, 2014. Dkt. No. 36. The Court sentenced Vargas to 120 months' imprisonment on that count, consistent with the plea agreement. *See* Dkt. Nos. 63 (sentencing judgment); 59, at 6 ("Mr. Vargas respectfully asks that he be sentenced pursuant to the parties' plea agreement for a total of 120 months.").

Vargas now moves to vacate, set aside, or correct his sentence on the grounds of ineffective assistance of counsel. Dkt. No. 76. Vargas argues that his counsel "misadvised him" as to his minimum and maximum sentencing exposure "if he either pleaded guilty or exercised his right to trial based on the Indictment . . . ." *Id.* at 4. He argues that counsel's, and the

2

Court's, advice about the applicable sentencing range if he were convicted under the Indictment was incorrect: "Post-conviction Petitioner became aware that he does not have the three requisite prior convictions for an ACCA enhancement, thus, his sentencing exposure pursuant to the Indictment was 0-10 years." *Id.* Because he was misadvised as to his sentencing exposure, he concludes, his guilty plea was involuntary. *Id.* at 4.1. Vargas asserts that he was prejudiced because, but for the bad advice, he would have proceeded to trial "or entered an open plea to the Court," pursuant to which "he could have received a[] sentence in the range of 92-115 months[']  imprisonment." *Id.*

Vargas had a Sixth Amendment right to the effective assistance of counsel in connection with deciding whether to plead guilty. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). To prevail on his § 2255 claim on this basis, Vargas must make two showings. First, he must show that his counsel's performance fell below the required "range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56, 58-59 (1985). In other words, "counsel's performance fell below an objective standard of reasonableness . . . ." *Thomas v. United States*, 737 F.3d 1202, 1207 (8th Cir. 2013). "Judicial scrutiny of counsel's performance must be highly deferential." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Second, Vargas must show that he was prejudiced by counsel's ineffective performance. *Hill*, 474 U.S. at 59.

The Government argues that Vargas has not made either required showing because the record reflects that his counsel accurately advised him about the minimum and maximum sentence that he would have faced if he were convicted at trial on Count 1 of the Indictment. The Government offers into the record four exhibits to establish the bare facts about four of Vargas's prior convictions:

A. May 19, 2004 conviction for Assault Second Degree – Dangerous Weapon, under Minn. Stat. § 609.222, subd. 1 (Gov't Ex. A, Dkt. No. 80-1);

B. January 29, 2007 conviction for Domestic Assault by Strangulation under Minn. Stat. § 609.2247, subd. 2, with sentencing on August 1, 2007 (Gov't Ex. B, Dkt. No. 80-2);

C. June 22, 2007 conviction for Felony Domestic Assault under Minn. Stat. § 609.2242, subd. 4 (Gov't Ex. C, Dkt. No. 80-3); and

D. November 17, 2009 conviction for Drugs – 3rd Degree Sale (Narcotic) under Minn. Stat. § 152.023, subd. 1(1) (Gov't Ex. D, Dkt. No. 80-4).

Assuming Vargas's allegations to be true, the Court concludes that Vargas has not shown that his counsel's advice fell below the standard of a reasonably competent attorney—far from it. Vargas does not explain why any of his convictions would not qualify as ACCA predicates, nor does he explain whether at the time of his plea they would not have qualified or if he contends they only fail to qualify under current law. *See* Dkt. No. 76 at 4 ("*Post-conviction Petitioner became aware* that he does not have the three requisite prior convictions for an ACCA enhancement . . . .") (emphasis added). "That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." *McMann*, 397 U.S. at 770. Moreover, a review of Vargas's predicate offenses even under current interpretations of the ACCA strongly supports the conclusion that Vargas's counsel did not give substandard advice in 2014 in connection with Vargas's decision to plead guilty.[2]

---

[2] When Vargas pleaded guilty, the Supreme Court had not yet decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), the case that "changed the substantive reach of the Armed Career Criminal Act," *Welch*, 136 S. Ct. at 1265. The Court analyzes Vargas's convictions under recent ACCA case law solely to shed light on his ineffective assistance of counsel claim. This motion does not require holding that Vargas does or does not qualify as an armed career criminal offender under 18 U.S.C. § 924(e), and the Court will not issue an advisory opinion.

First, a conviction for Assault in the Second Degree applies to "[w]hoever assaults another with a dangerous weapon." Minn. Stat. § 609.222, subd. 1. The Court of Appeals for the Eighth Circuit recently held that this particular offense qualifies as an ACCA predicate under the force clause, 18 U.S.C. § 924(e)(2)(B)(i). *United States v. Lindsey*, 827 F.3d 733, 740 (8th Cir. June 28, 2016), *cert. denied*, 137 S. Ct. 413 (Oct. 31, 2016).

Next, Minnesota's Domestic Assault by Strangulation statute provides that "whoever assaults a family or household member by strangulation is guilty of a felony and may be sentenced to imprisonment for not more than three years . . . ." Minn. Stat. § 609.2247, subd. 2. Assault is defined as "(1) an act done with intent to cause fear in another of immediate bodily harm or death; or (2) the intentional infliction of or attempt to inflict bodily harm upon another." Minn. Stat. § 609.02, subd. 10. Similarly, Minnesota's Felony Domestic Assault statute makes it a felony punishable by up to five years' imprisonment to "do[] any of the following against a family or household member . . . : (1) commit[] an act with intent to cause fear in another of immediate bodily harm or death; or (2) intentionally inflict[] or attempt[] to inflict bodily harm upon another," if certain preconditions are met. Minn. Stat. § 609.2242, subd. 1 & 4.

A conviction can qualify as an ACCA predicate if it is "violent felony." 18 U.S.C. § 924(e)(1). A violent felony under the ACCA includes "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). The Eighth Circuit recently reaffirmed that Minnesota's statutory definition of assault comports with the ACCA's force clause. *Lindsey*, 827 F.3d at 739-40; *see also United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (holding that a Felony Domestic Assault conviction under Minnesota law qualified as a violent felony under the ACCA).

Finally, Minnesota's law against the sale of controlled substances in the third degree provides that a person "is guilty of controlled substance crime in the third degree if: (1) the person unlawfully sells one or more mixtures containing a narcotic drug." Minn. Stat. § 152.023, subd. 1(1). That crime is punishable by up to 20 years' imprisonment. *Id.* subd. 3(a). A conviction qualifies as a "serious drug offense" and is a predicate under the ACCA if it is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Eighth Circuit held that a conviction under Minn. Stat. § 152.023, subd. 1(1), qualifies as a predicate as a "serious drug offense" under the ACCA. *United States v. Bynum*, 669 F.3d 880, 887 (8th Cir. 2012).

Thus, taking Vargas's allegations as true, it was clearly reasonable for his counsel to advise him, when he was considering whether to plead guilty to the Information, about the minimum 15-year and maximum life sentence that would apply if he were convicted under 18 U.S.C. §§ 922(g)(1) and 924(e) as charged in the Indictment. Even if Vargas relied on such advice in deciding to plead guilty, his ineffective assistance of counsel claim must fail.[3] The Court therefore denies his § 2255 motion without a hearing. *See Thomas*, 737 F.3d at 1206.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Vargas has not demonstrated that reasonable jurists would find the rejection of his § 2255 claim for ineffective assistance of counsel debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore declines to issue a certificate of appealability.

---

[3] For the same reasons, the motion also fails to the extent Vargas alleges that statements by the Court about the ACCA sentencing range made his plea involuntary.

6

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Michael Anthony Vargas' *Pro Se* Motion to Vacate Under 28 U.S.C. § 2255 [Dkt No. 76] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 14, 2017

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge